## No. XXXIII.

### NASH AND MABBIT V. THE REPUBLIC.

(See Note 80.)

*Appeal from San Augustine County.*

HEMPHILL, CHIEF JUSTICE.—In this case the defendants, being guilty of an affray, were ordered by the court to pay fines respectively and to remain in custody until payment was made. After the entry of the judgment, motions were made by the defendants separately for the arrest thereof; and on considerations of the motions, judgment against Nash was arrested; but the court, regarding the grounds set forth in the motion made by the defendant Mabbit as novel and difficult, made no decision thereon, but reserved them for the discretion and consideration of the Supreme Court. Were it competent for this tribunal to entertain jurisdiction of the points of law involved in this case, we might discuss the propriety or legality of entertaining a motion in arrest of judgment after it has once been rendered by the court; but the questions reserved for our deliberation not having been decided below, we are without jurisdiction and can not properly consider any of the matters embraced in the record.

The Constitution having declared that the jurisdiction of the Supreme Court shall be appellate only, we are limited to the review of the adjudications of inferior courts; and until their decisions are made, no subject matter arises on which the revisory power of this court can be exerted. See the case of McLaughlin v. The Republic, 1841. It is therefore ordered that the case be dismissed for want of jurisdiction.

*Dismissed.*

## No. XXXIV.

---

absence of plea of non est factum. Tolbert v. McBride, 75 T., 95. These rules are as applicable to claims secured by liens as to unsecured claims. Graham v. Vining, 1 T., 639; Graham v. Vining, 2 T., 433; Danzey v. Swinney, 7 T., 617; Conkrite v. Hart, 10 T., 140, 141; Crosby v. McWillie, 11 T., 94; Duty v. Graham, 12 T., 427, 437; Robertson v. Paul, 16 T., 472, 475; Cunningham v. Taylor, 20 T., 126; Converse v. Sorley, 39 T., 515; Buchanan v. Wagnon, 62

## No. XXXV.

---

T., 375; Wilson v. Harris, 91 T., 427. It is not necessary to verify and present claim to independent executor before bringing suit. Pleasants v. Davidson, 34 T., 459; Black v. Rockmore, 50 T., 88, 99; Smyth v. Caswell, 65 T., 379; Ellis v. Mabry, 25 T. C. A., 164. If executor allows claim and rejects lien, suit can not be maintained to foreclose lien. Mortgage Co. v. Jackman, 77 T., 622; George v. Ryon, 94 T., 317; Moore v. Glass, 6 T. C. A., 368. In such cases the lien must be enforced through probate court and not by an independent action in another court, except where claimant has some legal or equitable right connected with claim, which can not be adjudicated in probate court. Cunningham v. Taylor, 20 T., 126; Cannon v. McDaniel, 46 T., 303; George v. Ryon, 94 T., 317; Moore v. Glass, 6 T. C. A., 368; Perkins v. Traynham, 3 App. C., sec. 78. When both claim and lien on land are rejected, only remedy is in district court. Leslie v. Elliott, 26 T. C. A., 578. Presentation to and rejection by one of several executors is sufficient to authorize suit. Deen v. Duffield, 8 T., 235. Failure to present claim within one year from appointment of administrator does not defeat action to foreclose lien. Phillips v. Mortgage Co., 90 T., 195. When a lien claim is rejected, claimant may have judgment in district court for establishment of lien as well as debt. Cunningham v. Taylor, 20 T., 126; Perkins v. Sterne, 23 T., 561; George v. Ryon, 94 T., 317 (reversing George v. Ryon, T. C. A., U. R. C., 1900); Jenkins v. Cain (T. Sup.), U. R. C., 1889. Presenting claim without presenting lien is sufficient presentation, though the better practice is to present both. Danzey v. Swinney, 7 T., 617; Cundiff v. Simpson, 32 T., 144; Cannon v. McDaniel, 46 T., 303; Mortgage Co. v. Jackman, 77 T., 622. Presenting claim alone is not waiver of lien. Ball v. Hill, 48 T., 634; Kempner v. Comer, 73 T., 196; Sutherland v. Elmendorf, 24 T. C. A., 137. In a contest between lien creditors, appellant can not on appeal object for first time that appellee's claim was not duly authenticated and presented, where administrator is not party to ap-

peal. Watt v. White, 46 T., 338. Holder of vendor's lien note is not required to present claim to administrator of deceased indorser before bringing suit against maker to foreclose lien. Watt v. White, 46 T., 338.

**Note 63.**—Ward v. Boon, p. 561.

Action of court in granting or refusing continuances will not be revised unless it is plain that injustice has been done. Hart v. King, Dal., 456; Hipp v. Bissell, 3 T., 18; Hipp v. Huchett, 4 T., 20; Ayers v. Duprey, 27 T., 593; Peck v. Moody, 33 T., 84; Addington v. Bryson, 1 App. C., sec. 1292; Texas Express Co. v. Scott, 2 App. C., sec. 72. Where the allowance or refusal of the continuance is within the discretion of the court a very clear case of abuse of discretion must be shown to authorize a reversal. Lewis v. Williams, 15 T., 47; Byne v. Jackson, 25 T., 95; Baldessore v. Stephanes, 27 T., 455; McMahan v. Busby, 29 T., 191; Wiggins v. Fleishel, 50 T., 57; Allyn v. Willis, 65 T., 65; M. P. Ry. Co. v. Christman, 65 T., 369; Guy v. Metcalf, 83 T., 37; T. & P. Ry. Co. v. Hall, 83 T., 675; Hannah v. Chadwick, 2 App. C., sec. 518.

**Note 64.**—Robertson v. McMillan, p. 564.

A verdict is sufficiently certain which can be rendered certain by reference to the record. Burton v. Anderson, 1 T., 93; Burton v. Bondies, 2 T., 203; James v. Wilson, 7 T., 230; Wells v. Barnett, 7 T., 584; Norton v. Reynolds, 8 T., 284; Smith v. Johnson, 8 T., 418; Parker v. Leman, 10 T., 116; Avery v. Avery, 12 T., 54; Moke v. Fellman, 17 T., 367; Kolb v. Bankhead, 18 T., 220; Pearce v. Bell, 21 T., 688; Loggins v. Buck, 33 T., 113; Newcomb v. Walton, 41 T., 318; Griffin v. Chadwick, 44 T., 406; Irvin v. Garner, 50 T., 48; G. C. & S. F. Ry. Co. v. James, 73 T., 12; M. P. Ry. Co. v. White, 76 T., 102; Martin-Brown Co. v. Perrill, 77 T., 199; Buchanan v. Townsend, 80 T., 534; Dodd v. Gaines, 82 T., 429; Kinkler v. Junica, 84 T., 116; G. C. & S. F. Ry. Co. v. Fink, 4 T. C. A., 269; Merrielles v. Bank, 5 T. C. A., 483; Evans Co. v. Reeves, 6 T. C. A., 254; Alamo Fire Ins. Co. v. Lancaster, 7 T. C. A., 677; Holden v. Meyer, 1 App. C., sec. 832; Munn v. Martin, 4 App. C., sec. 61.

**Note 65.**—Holdeman v. Knight, p. 566.

The rule against multiplicity of suits has special favor in our system of procedure, and a party who can enforce his right in one suit, will not be permitted to resort to many. Chevalier v. Rusk, Dal., 611; Binge v. Smith, Dal., 616; Pitts v. Ennis, 1 T., 604; Smith v. Power, 2 T., 57; Francis v. Northcote, 6 T., 185, 188; Moore v. Minerva, 17 T., 20, 23; Clegg v. Varnell, 18 T., 294; Blair v. Gay, 33 T., 157; Lyles v. Murphy, 38 T., 75; Bond v. Dillard, 50 T., 302; Goldman v. Blum, 58 T., 630; Rush v. Bishop, 60 T., 177; G. H. & S. A. Ry. Co. v. Dowe, 70 T., 5; Moody v. Smoot, 78 T., 119; Middlebrook v. Bradley, 86 T., 706; Mathonican v. Scott, 87 T., 396; Mathis v. Pridham, 1 T. C. A., 58; St. L. S. W. Ry. v. Moss, 9 T. C. A., 6; Mateer v. Cockrill, 18 T. C. A., 391; S. A. & A. P. Ry. v. Griffin, 20 T. C. A., 91; Wilson v. P. & N. Ry., 23 T. C. A., 706; Cox v. Lloyd, 1 App. C., sec. 123; Vogelsang v. Mensing, 1 App. C., sec. 1165; H. & T. C. Ry. v. Stewart, 1 App. C., sec. 1246; I. & G. N. Ry. v. Donalson, 2 App. C., sec. 238. A second suit may be maintained upon a judgment when a second judgment will be more advantageous than the first Stephens v. Stone, 94 T., 415.

**Note 66.**—Smith v. Townsend, p. 569.

As a general rule copies of notarial acts are admissible in evidence. Houston v. Perry, 5 T., 462; Herndon v. Casiano, 7 T., 322; Titus v. Kimbro, 8 T., 210; Hubert v. Bartlett, 9 T., 97; Beaty v. Whitaker, 23 T., 526; Andrews v. Marshall, 26 T., 212; Hooper v. Hall, 35 T., 82; Storey v. Flanagan, 57 T., 649; Smith v. Gillum, 80 T., 120; Frost v. Wolf, 77 T., 455; Trinity County Lumber Co. v. Pinckard, 4 T. C. A., 671. Is not admissible without proof of due execution by notary. McCarty v. Johnson, 20 T. C. A., 184.

**Note 67.**—Harlan v. Baker, p. 578.

If instructions given by the court are defective in omission special charges should be requested. Converse v. McKee, 14 T., 20; Robinson v. Varnell, 16 T., 382; Cole v. Cole, 17 T., 4; Linn v. Wright, 18 T., 317; Bast v. Alford, 20 T., 226; Fowler v. Waller, 25 T., 695; Powell v. Haley, 28 T., 56; Simonton v. Forrester, 35 T., 584; Robinson v. Davenport, 40 T., 333; Johnson v. Granger, 51 T., 42; Hawkins v. Cramer, 63 T., 99; Hays v. Hays, 66 T., 606; T. & N. O. Ry. v. Crowder, 70 T., 222; Currie v. Gunter, 77 T., 490; Mayer v. Walker, 82 T., 222.

**Note 68.**—Republic v. Skidmore, p. 581.

Under Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), it was necessary to prove in court the same facts which the statute

required for the satisfaction of the Board of Land Commissioners. Land Commissioners v. Reily, Dal., 381; Johns v. Republic, Dal., 621; Land Commissioners v. Raguet, 2 T., 98. Claimants were required, prior to Act of February 2, 1848 (Gammel's Laws of Texas, vol. 3, p. 18), to prove same facts under section 11 of Act of February 4, 1841 (Gammel's Laws of Texas, vol. 2, p. 635). Tichner v. State, 2 T., 269; State v. Mason, 2 T., 315; Linn v. State, 2 T., 317. Acts of December 14, 1837, and February 4, 1841, required applicant to prove that he did not refuse to participate in the war and that he did not assist the enemy; and if applicant's intention of remaining while in the Republic, and certainly of returning on departure, were equivocal, he was not entitled to establish claims for donations of land. State v. De Casinova, 1 T., 401; Thomerson v. State, 8 T., 172; Russell v. Randolph, 11 T., 460; Patton v. Evans, 15 T., 363. But temporary absence did not forfeit claim. Republic v. Young, Dal., 464. Applicant to establish headright claim under Acts of December 14, 1837, and February 4, 1841, was required to prove both actual residence at date of declaration of independence and continued residence to time of making application to establish claim. Land Commissioners v. Walling, Dal., 524; Jones v. Republic, Dal., 621; State v. De Casinova, 1 T., 401; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichner v. State, 2 T., 269; Land Commissioners v. Wiley, 3 T., 237; Paschal v. Perez, 7 T., 348; Jones v. Montes, 15 T., 351. Titles issued by alcaldes and commissioners after closing of Land Office by Act of Consultation on November 13, 1835 (Gammel's Laws of Texas, vol. 1, p. 541), which took effect immediately on adoption, are null and void. Donaldson v. Dodd, 12 T., 381; Spier v. Laman, 27 T., 205; Parker v. Baines, 59 T., 15. If the title was actually issued before November 13, 1835, making out and delivering the testimonio shortly afterwards did not invalidate the title. Houston v. Blythe, 60 T., 506. Holders of orders for surveys and headright certificates, issued prior to November 13, 1835, could only establish their claims in the mode prescribed by Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), upon proof of facts enumerated in section 12. Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Inglish, Dal., 608; Johns v. Republic, Dal., 621; Jones v. Menard, 1 T., 771; Trimble v. Smithers, 1 T., 790; Land Commissioners v. Raguet, 2 T., 98; Land Commissioners v. Riley, 3 T., 237; Capp v. Terry, 75 T., 391. All certificates returned by commissioners as genuine, but not recommended on account of want of oath required by section 12 of Act of December 14, 1837, were validated and directed to be patented by Act of January 19, 1841 (Gammel's Laws of Texas, vol. 2, p. 528). Whitehead v. Foley, 28 T., 1; Spofford v. Bennett, 55 T., 293. Under Act of February 5, 1840 (Gammel's Laws of Texas, vol. 2, p. 335), patents could only issue on certificates of recommendation from Board of Land Commissioners and holders of unrecommended land certificates had no standing in court without it. Norton v. Land Commissioner, 2 T., 357; Bracken v. Wells, 3 T., 88, 90; Kemper v. Victoria, 3 T., 135; Miller v. Brownson, 50 T., 583. All surveys supported by recommended certificates valid; without them, invalid. Warren v. Shuman, 5 T., 441; Scott v. Mather, 14 T., 235; Whitehead v. Foley, 28 T., 268. Headright certificate is not color of title, unless recommended. Horton v. Crawford, 10 T., 382; Whitehead v. Foley, 28 T., 268. Prohibition in Act of February 5, 1840, against surveys on unrecommended certificates after May 1, 1840, did not legalize surveys made either prior or subsequently on unrecommended certificates. Warren v. Shuman, 5 T., 441. It seems that surveys on genuine headright certificates are valid, though not recommended by commissioners. Howard v. Perry, 7 T., 259; Hart v. Gibbons, 14 T., 213. But under Act of January 29, 1840 (Gammel's Laws of Texas, vol. 2, p. 313), authority to issue patents on first class headright certificates, was based on recommendation. Miller v. Brownson, 50 T., 583. Under extension of time allowed by Constitution of 1845, a survey made on an unrecommended certificate prior to January 1, 1844, suit to establish claim could be maintained in 1847. Lewis v. Mixon, 11 T., 564; Hart v. Gibbons, 14 T., 213; Scott v. Mather, 14 T., 235. Under Act of February 7, 1860 (Gammel's Laws of Texas, vol. 4, p. 1410), providing for re-examination of rejected warrants and certificates, a rejection made before limit of time fixed in section 11 is not void, the object of the statute being to give claimants ample time to prove their claims. Durrett v. Land Commissioner, 28 T., 687. Under Act of April 25, 1871 (Gammel's Laws of Texas, vol. 6, p. 962), holders of unlocated certificates were not required to locate them at any particular period between passage of law and January 1, 1875. Laws in force prior to Act of November 29, 1871 (Gammel's Laws of Texas, vol. 7, p. 47), did not require certificate and field notes to be returned within twelve months after survey. Snider v. I. & G. N. Ry., 52 T., 306; Snider v. Methvin, 60 T., 487. Under Rev. Stats., 1895, arts. 4138 and 4145, survey must be made within twelve months after entry, and field notes returned within twelve months after survey. Von Rosenberg v. Cuellar, 80 T., 249. A colonist was not en-

titled to a grant as head of a family, unless his family was resident in Texas. Land Commissioners v. Bell, Dal., 366; Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Langford v. Republic, Dal., 588; Republic v. Inglish, Dal., 608; Johns v. Republic, Dal., 621; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age, was not entitled to a headright grant. Lockhart v. Republic, 2 T., 127. But it will be presumed from the fact that a headright certificate was granted by the proper authority, that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid, if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460. Removal and intention to remain for an indefinite time changes domicile, though there may be a floating intention to return at some future time. State v. De Casinova, 1 T., 401; State v. Skidmore, 5 T., 469.

**Note 69.**—Hamilton v. Black, p. 586.

A general demurrer admits all facts well plead to be true. Carr v. **Wellborn**, Dal., 624; Lambeth v. Turner, 1 T., 364; Zacharie v. Bryan, 2 T., **274**; Jouett v. Jouett, 3 T., 150; Catlin v. Glover, 4 T., 151; Chambers v. **Miller**, 9 T., 236; Earle v. Earle, 9 T., 630, 634; Holman v. Griswell, 13 T., 38; Roy v. Bremond, 22 T., 626, 632; Williams v. Warnell, 28 T., 610; George v. Vaughan, 55 T., 129; Junction City School Incorporation v. Trustees, 61 T., 148, 152; Lyle v. Harris, 1 App. C., sec. 71. It does not admit a conclusion of law alleged by the pleader. Holman v. Criswell, 13 T., 38. Nor facts set up in an amendment. Bryan v. Knight, 1 T., 180.

**Note 70.**—Langford v. Republic, p. 588.

A colonist was not entitled to a grant as head of a family unless his family was resident in Texas. Land Commissioners v. Bell, Dal., 366; Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Republic v. Inglish, Dal., 608; Johns v. Republic, Dal., 621; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age, was not entitled to a headright grant. Lockhart v. Republic, 2 T., 127. But it will be presumed from the fact that a headright certificate was granted by the proper authority, that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid, if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460.

**Note 71.**—Shelby v. Johnson, p. 597.

Person elected to fill a vacancy in an office is entitled to hold it for the statutory period, and not the unexpired term. Bradley v. McCrabb, Dal., 504; Roman v. Moody, Dal., 512; Banton v. Wilson, 4 T., 400. Distinguished in Royston v. Griffin, 42 T., 566.

**Note 72.**—Sydnor v. Chambers, p. 601.

Attachment is an auxiliary process and plaintiff may proceed to judgment when it is quashed. Cloud v. Smith, 1 T., 611; Chevallier v. Williams, 2 T., 239; Green v. Hill, 4 T., 465; Sydnor v. Totman, 6 T., 189; Campbell v. Wilson, 6 T., 379, 392; Moore v. Corley, 4 App. C., sec. 139. The suit abates when writ is quashed if personal judgment can not be rendered against defendant. Raquet v. Nixon, Dal., 386; Savings Institution v. Burrow, 37 T., 88; Stewart v. Anderson, 70 T., 588; Hochstadler v Sam, 73 T., 315; Rogers v. Burbridge, 5 T. C. A., 67. Is a harsh and summary remedy and all precedent conditions must be strictly complied with. Raquet v. Nixon, Dal., 386; Fowler v. Poor, Dal., 401; Sloo v. Powell, Dal., 467; Gregg v. York, Dal., 528; Wooters v. McGee, 1 T., 17; Chevallier v. Williams, 2 T., 239; Caldwell v. Haley, 3 T., 317; Sydnor v. Totman, 6 T., 189; Marshall v. Alley. 25 T., 342; Culbertson

v. Cabeen, 29 T., 247; Sheffield v. Gay, 32 T., 225; Moody v. Levy, 58 T., 532; Evans v. Tucker, 59 T., 249; Stiff v. Fisher, 2 T. C. A., 346; Sarrazin v. Hetmann, 16 T. C. A., 351; Ball v. Bennett, 21 T. C. A., 399; Dreiss v. Faust, 1 App. C., sec. 33; Whitley v. Jackson, 1 App. C., sec. 575; Schwartz v. Burton, 1 App. C., sec. 1216; Scram v. Duggan, 1 App. C., sec. 1269. No presumption will be indulged to supply defects. City Nat. Bank v. Flippen, 66 T., 610; Focke v. Hardeman, 67 T., 173; Perrill v. Kaufman, 72 T., 214; Moore v. First Nat. Bank, 82 T., 537. But literal exactness is not required. Lewis v. Stewart, 62 T., 352.

**Note 73.**—Republic v. Inglish, p. 608.

Colonization law of March 25, 1825, repealed by law of April 28, 1832, and latter by law of March 26, 1834. Land Commissioner v. Bell, Dal., 366; Creth v. Republic, 1 T., 83; Ferguson v. Johnson, 11 T. C. A., 413. Under colonization laws emigration alone did not entitle one or his heirs to land. Creth v. Republic, 1 T., 83; Kennedy v. State, 11 T., 108; Hill v. Moore, 85 T., 335; Ferguson v. Johnson, 11 T. C. A., 413. Liberal construction will be given in favor of grants made in 1835. Elliott v. Mitchell, 28 T., 105. Grants provided for by the Constitution of the Republic and Act of December 14, 1837, applied only to citizens who were in Texas. Land Commissioner v. Bell, Dal., 366; Creth v. Republic, 1 T., 83. A colonist was not entitled to a grant as head of a family, unless his family was resident in Texas. Land Commissioners v. Bell, Dal., 366; Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Langford v. Republic, Dal., 588; Johns v. Republic, Dal., 621; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age was not entitled to a headright grant. Lockhart v. Republic, 2 T., 127. But it will be presumed from the fact that a headright certificate was granted by the proper authority that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460. Titles issued by alcaldes and commissioners after closing of Land Office by Act of Consultation on November 13, 1835 (Gammel's Laws of Texas, vol. 1, p. 541), which took effect immediately on adoption, are null and void. Donaldson v. Dodd, 12 T., 381; Spier v. Laman, 27 T., 205; Parker v. Bains, 59 T., 15. If the title was actually issued before November 13, 1835, making out and delivering the testimonio shortly afterwards did not invalidate the title. Houston v. Blythe, 60 T., 506. Holders of orders for surveys and headright certificates, issued prior to November 13, 1835 could only establish their claims in the mode prescribed by Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), upon proof of facts enumerated in section 12. Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Johns v. Republic, Dal., 621; Jones v. Menard, 1 T., 771; Trimble v. Smithers, 1 T., 790; Land Commissioners v. Raguet, 2 T., 98; Land Commissioners v. Riley, 3 T., 237; Capp v. Terry, 75 T., 391. All certificates returned by commissioners as genuine, but not recommended on account of want of oath required by section 12 of Act of December 14, 1837, were validated and directed to be patented by Act of January 19, 1841 (Gammel's Laws of Texas, vol. 2, p. 528). Whitehead v. Foley, 28 T., 1; Spofford v. Bennett, 55 T., 293. Under Act of February 5, 1840 (Gammel's Laws of Texas, vol. 2, p. 335), patents could only issue on certificate of recommendation from Board of Land Commissioners, and holders of unrecommended land certificates had no standing in court without it. Norton v. Land Commissioner, 2 T., 357; Bracken v. Wells, 3 T., 88, 90; Kemper v. Victoria, 3 T., 135; Miller v. Brownson, 50 T., 583. All surveys supported by recommended certificates valid; without them, invalid. Warren v. Shuman, 5 T., 441; Scott v. Mather, 14 T., 235; Whitehead v. Foley, 28 T., 268. Headright certificate is not color of title, unless recommended. Horton v. Crawford, 10 T., 382; Whitehead v. Foley, 28 T., 268. Prohibition in Act of February 5, 1840, against surveys on unrecommended certificates after May 1, 1840, did not legalize surveys made either prior or subsequently on unrecommended certificates. Warren v. Shuman, 5 T., 441. It seems that surveys on genuine headright certificates are valid, though not recommended by commissioners. Howard v. Perry, 7 T., 259; Hart v. Gibbons, 14 T., 213. But under Act of January 29, 1840 (Gammel's Laws of Texas, vol. 2, p. 313), authority to issue patents on first class

headright certificates, was based on recommendation.  Miller v. Brownson,
50 T., 583.  Under extension of time allowed by Constitution of 1845, a survey
made on an unrecommended certificate prior to January 1, 1844, suit to estab-
lish claim could be maintained in 1847.  Lewis v. Mixon, 11 T., 564; Hart v.
Gibbons, 14 T., 213; Scott v. Mather, 14 T., 235.  Under Act of February 7,
1860 (Gammel's Laws of Texas, vol. 4, p. 1410), providing for re-examination
of rejected warrants and certificates, a rejection made before limit of time
fixed in section 11 is not void, the object of the statute being to give claim-
ants ample time to prove their claims.  Durrett v. Land Commissioner, 28 T.,
687.  Under Act of April 25, 1871 (Gammel's Laws of Texas, vol. 6, p. 962),
holders of unlocated certificates were not required to locate them at any
particular period between passage of law and January 1, 1875.  Laws in force
prior to Act of November 29, 1871 (Gammel's Laws of Texas, vol. 7, p. 47),
did not require certificate and field notes, to be returned within twelve months
after survey.  Snider v. I. & G. N. Ry., 52 T., 306; Snider v. Methvin, 60 T.,
487.  Under Rev. Stats., 1895, arts. 4138 and 4145, survey must be made within
twelve months after entry, and field notes returned within twelve months
after survey.  Von Rosenberg v. Cuellar, 80 T., 249.

**Note 74.**—Saddler v. Republic, p. 610.

[1] Unnecessary averments and allegations not essential to constitute the
offense are treated as surplusage in indictments.  State v. Washington, 19
T., 128; State v. Moreland, 27 T., 727; Henderson v. State, 2 T. App., 154;
Mayo v. State, 7 T. App., 342; Smith v. State, 7 T. App., 382; Warren v.
State, 17 T. App., 207; Cudd v. State, 28 T. App., 124; Hammons v. State, 29
T. App., 445; Taylor v. State, 29 T. App., 466.

[2] Affray defined.  State v. Washington, 19 T., 129; Shelton v. State, 30
T., 432; State v. Billingsley, 43 T., 93; Pollock v. State, 32 T. Cr., 29; Ex parte
Freeland, 38 T. Cr., 321.

**Note 75.**—Chevalier v. Rusk, p. 611.

The rule against multiplicity of suits has special favor in our system of
procedure, and a party who can enforce his right in one suit will not be per-
mitted to resort to many.  Holdeman v. Knight, Dal., 566; Binge v. Smith,
Dal., 616; Pitts v. Ennis, 1 T., 604; Smith v. Power, 2 T., 57; Francis v. North-
cote, 6 T., 185, 188; Moore v. Minerva, 17 T., 20, 23; Clegg v. Varnell, 18 T.,
294; Blair v. Gay, 33 T., 157; Lyles v. Murphy, 38 T., 75; Bond v. Dillard, 50
T., 302; Goldman v. Blum, 58 T., 630; Rush v. Bishop, 60 T., 177; G. H. & S.
A. Ry. v. Dowe, 70 T., 5; Moody v. Smoot, 78 T., 119; Middlebrook v. Bradley,
86 T., 706; Mathonican v. Scott, 87 T., 396; Mathis v. Pridham, 1 T. C. A., 58;
St. L. S. W. Ry. v. Moss, 9 T. C. A., 6; Mateer v. Cockrill, 18 T. C. A., 391;
S. A. & A. P. Ry. v. Griffin, 20 T. C. A., 91; Wilson v. P. & N. Ry., 23 T. C. A.,
706; Cox v. Lloyd, 1 App. C., sec. 123; Vogelsang v. Mensing, 1 App. C., sec.
1165; H. & T. C. Ry. v. Stewart, 1 App. C., sec. 1246; I. & G. N. Ry. v. Donal-
son, 2 App. C., sec. 238.  A second suit may be maintained upon a judgment
when a second judgment will be more advantageous than the first.  Stephens
v. Stone, 94 T., 415.

**Note 76.**—Binge v. Smith, p. 616.

[1] The rule against multiplicity of suits has special favor in our system
of procedure, and a party who can enforce his right in one suit will not be
permitted to resort to many.  Holdeman v. Knight, Dal., 566; Chevalier v.
Rusk, Dal., 611; Pitts v. Ennis, 1 T., 604; Smith v. Power, 2 T., 57; Francis
v. Northcote, 6 T., 185, 188; Moore v. Minerva, 17 T., 20, 23; Clegg v. Varnell,
18 T., 294; Blair v. Gay, 33 T., 157; Lyles v. Murphy, 38 T., 75; Bond v. Dil-
lard, 50 T., 302; Goldman v. Blum, 58 T., 630; Rush v. Bishop, 60 T., 177;
G. H. & S. A. Ry. v. Dowe, 70 T., 5; Moody v. Smoot, 78 T., 119; Middlebrook
v. Bradley, 86 T., 706; Mathonican v. Scott, 87 T., 396; Mathis v. Pridham, 1
T. C. A., 58; St. L. S. W. Ry. v. Moss, 9 T. C. A., 6; Mateer v. Cockrill, 18 T.
C. A., 391; S. A. & A. P. Ry. v. Griffin, 20 T. C. A., 91; Wilson v. P. & N. Ry.,
23 T. C. A., 706; Cox v. Lloyd, 1 App. C., sec. 123; Vogelsang v. Mensing, 1
App. C., sec. 1165; H. & T. C. Ry. v. Stewart, 1 App. C., sec. 1246; I. & G. N.
Ry. v. Donalson, 2 App. C., sec. 238.  A second suit may be maintained upon
a judgment when a second judgment will be more advantageous than the
first.  Stephens v. Stone, 94 T., 415.

[2] Surety can not be sued, unless the principal has been or is sued simul-
taneously with him, except when the principal is a nonresident, or can not
be reached by ordinary process of law, or his residence is unknown and can
not be ascertained by use of reasonable diligence, or is dead or insolvent.
The same rule applies to indorsers, guarantors and drawers of accepted bills.
Plaintiff can not dismiss as to principal and take judgment against surety,
etc., without showing one of the statutory grounds.  Rev. Stats., 1895, arts.
1204, 3818, 3819.  Campbell v. Beckwith, 17 T., 439; Crawford v. Jones, 24 T.,

382; Burden v. Cross, 33 T., 685; Farris v. Berry, 33 T., 701; Under v. Anderson, 37 T., 550; Muenster v. National Bank, 92 T., 422; Weldert v. Durst, 15 T. C. A., 81; Douthit v. Martin, 15 T. C. A., 559. Where there are several principals, can not dismiss as to one of them and take judgment against surety. Look v. Cornelius, 4 T., 303; Moore v. Jones, 6 T., 227; Barnett v. Taylor, 30 T., 453; Welch v. Phelps & Bigelow Windmill Co. (T. C. A.), U. R. C., 1896. The above rule applies only to cases where plaintiff alleges suretyship, or where it appears from the face of the instrument sued on. In other cases, plaintiff may sue all or a part, and dismiss as to a part. Ritter v. Hamilton, 4 T., 325; Ennis v. Crump, 6 T., 85; Terrill v. Townsend, 6 T., 149; Lewis v. Riggs, 9 T., 164; Keesey v. Old, 82 T., 22; Bute v. Brainerd, 93 T., 137; Jameson v. Officer, 15 T. C. A., 212; Hooks v. Bramlette, 1 App. C., secs. 867, 868 (overruling Unger v. Anderson, 37 T., 550); McDonald v. Holt, 1 App. C., sec. 1014; Head v. Cleburne B. & L. Assn. (T. C. A.), U. R. C., 1893. If one of the principals is a married woman, may dismiss as to her. Shipman v. Allen, 29 T., 17. Right of surety not to be sued unless principal has been or is simultaneously sued, is a personal privilege, and must be taken advantage of by plea in abatement. He can not object for the first time on appeal, that principal was not sued or that suit was dismissed as to principal. Petty v. Cleveland, 2 T., 404; Ritter v. Hamilton, 4 T., 325; Wiley v. Pinson, 23 T., 486; Shipman v. Allee, 29 T., 17; Yale v. Ward, 30 T., 17, 22; Hooks v. Bramlette, 1 App. C., sec. 863; Gamble v. Talbot, 2 App. C., sec. 730; Sherwood v. Jordan, 2 U. C., 610; Head v. Cleburne B. & L. Assn. (T. C. A.), U. R. C., 1893. Where principal is dead, insolvent or beyond court's jurisdiction, the debt becomes an original liability of surety and he may be sued alone. Within jurisdiction, means within reach of process. If principal is dead, surety may be sued before claim is presented to executor. If principal dies while suit is pending, judgment may be rendered against surety alone. Scott v. Dewees, 2 T., 153; Merriwether v. Lewis, 2 T., 340; Ennis v. Crump, 6 T., 85; Walker v. Collins, 22 T., 189; Rutherford v. Harris, 22 T., 166; Foster v. Champlin, 29 T., 22; Aldridge v. Mardoff, 32 T., 204; Scantlin v. Kemp, 34 T., 388; Houghton v. Ledbetter, 37 T., 161; Toland v. Swearingen, 39 T., 447; Boggs v. State, 46 T., 10; Willis v. Chowning, 90 T., 617; First Nat. Bank v. De Morse (T. C. A.), U. R. C., 1894. While executor of principal may be sued with surety, he is not entitled to make nonresident heirs of deceased, principal parties. Henderson v. Kissam, 8 T., 46; Walker v. Collins, 22 T., 189. Judgment against principal merges cause of action, and separate suit can not be maintained afterwards against surety. Wooters v. Smith, 56 T., 198; Bute v. Brainerd, 93 T., 137.

**Note 77.**—Johns v. Republic of Texas, p. 621.

Under Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), it was necessary to prove in court, the same facts which the statute required for the satisfaction of the Board of Land Commissioners. Land Commissioners v. Reily, Dal., 381; Republic v. Skidmore, Dal., 581; Land Commissioners v. Raguet, 2 T., 98. Claimants were required, prior to Act of February 2, 1848 (Gammel's Laws of Texas, vol. 3, p. 18), to prove same facts under sec. 11 of Act of February 4, 1841 (Gammel's Laws of Texas, vol. 2, p. 635). Tichner v. State, 2 T., 269; State v. Mason, 2 T., 315; Linn v. State, 2 T., 317. Laws to detect fraudulent land certificates are constitutional. Land Commissioners v. Reily, Dal., 381; Hosner v. De Young, 1 T., 764; Peck v. Moody, 23 T., 93; Sherwood v. Fleming, 25 T. Sup., 408; Durrett v. Crosby, 28 T., 687; League v. De Young, 11 How., 185. Act of November 29, 1871 (Gammel's Laws of Texas, vol. 7, p. 47), providing for survey and return of general land certificates, is constitutional. Snider v. I. & G. N. Ry. Co., 52 T., 306. Applicant to establish headright claim under Acts of December 14, 1837, and February 4, 1841, was required to prove both actual residence at date of declaration of independence and continued residence to time of making application to establish claim. Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; State v. De Casinova, 1 T., 401; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichner v. State, 2 T., 269; Land Commissioners v. Riley, 3 T., 237; Paschal v. Perez, 7 T., 348; Jones v. Montes, 15 T., 351. So long as the title is imperfect or inchoate, the State may establish such regulations as it may deem necessary to perfect the title, and attach such terms as it may deem proper. It may even disavow. Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Hosner v. De Young, 1 T., 764; Jones v. Menard, 1 T., 771; Trimble v. Smithers, 1 T., 790; Land Commissioners v. Raguet, 2 T., 98; Norton v. Land Commissioner, 2 T., 357; League v. De Young, 2 T., 497; Kemper v. Victoria, 3 T., 135; Land Commissioners v. Riley, 3 T., 237; Smith v. State, 5 T., 397; Jones v. Borden, 5 T., 410; Warren v. Shuman, 5 T., 441; Land Commissioner v. Smith, 5 T., 471; Paschal v. Perez, 7 T., 348; Lewis v. Mixon, 11 T., 564; Hart v. Gibbons, 14 T., 213; Hamilton v. Avery, 20 T., 612;

Peck v. Moody, 23 T., 93; Sherwood v. Fleming, 25 T. Supp., 408; Smith v. Taylor, 34 T., 589; Snider v. Methvin, 60 T., 487; Capp v. Terry, 75 T., 391; Jones v. Lee, 86 T., 25; Thompson v. Baker, 90 T., 163; League v. De Young, 11 How., 185. A colonist was not entitled to a grant as head of a family, unless his family was resident in Texas. Land Commissioners v. Ball, Dal., 366; Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Langford v. Republic, Dal., 588; Republic v. Inglish, Dal., 608; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age, was not entitled to a headright grant. Lockhart v. Republic, 2 T., 127. But it will be presumed from the fact that a headright certificate was granted by the proper authority, that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460. Titles issued by alcaldes and commissioners after closing of Land Office by Act of Consultation on November 13, 1835 (Gammel's Laws of Texas, vol. 1, p. 541), which took effect immediately on adoption, are null and void. Donaldson v. Dodd, 12 T., 381; Spier v. Laman, 27 T., 205; Parker v. Bains, 59 T., 15. If the title was actually issued before November 13, 1835, making out and delivering the testimonio shortly afterwards did not invalidate the title. Houston v. Blythe, 60 T., 506. Holders of orders for surveys and headright certificates, issued prior to November 13, 1835, could only establish their claims in the mode prescribed by Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), upon proof of facts enumerated in section 12. Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Republic v. Inglish, Dal., 608; Jones v. Menard, 1 T., 771; Trimble v. Smithers, 1 T., 790; Land Commissioners v. Raguet, 2 T., 98; Land Commissioners v. Riley, 3 T., 237; Capp v. Terry, 75 T., 391. All certificates returned by commissioners as genuine, but not recommended on account of want of oath required by section 12 of Act of December 14, 1837, were validated and directed to be patented by Act of January 19, 1841 (Gammel's Laws of Texas, vol. 2, p. 528). Whitehead v. Foley, 28 T., 1; Spofford v. Bennett, 55 T., 293. Under Act of February 5, 1840 (Gammel's Laws of Texas, vol. 2, p. 335), patents could only issue on certificate of recommendation from Board of Land Commissioners and holders of unrecommended land certificates had no standing in court without it. Norton v. Land Commissioner, 2 T., 357; Bracken v. Wells, 3 T., 88, 90; Kemper v. Victoria, 3 T., 135; Miller v. Brownson, 50 T., 583. All surveys supported by recommended certificates valid; without them, invalid. Warren v. Shuman, 5 T., 441; Scott v. Mather, 14 T., 235; Whitehead v. Foley, 28 T., 268. Headright certificate is not color of title, unless recommended. Horton v. Crawford, 10 T., 382; Whitehead v. Foley, 28 T., 268. Prohibition in Act of February 5, 1840, against surveys on unrecommended certificates after May 1, 1840, did not legalize surveys made either prior or subsequently on unrecommended certificates. Warren v. Shuman, 5 T., 441. It seems that surveys on genuine headright certificates are valid, though not recommended by commissioners. Howard v. Perry, 7 T., 259; Hart v. Gibbons, 14 T., 213. But under Act of January 29, 1840 (Gammel's Laws of Texas, vol. 2, p. 313), authority to issue patents on first class headright certificates, was based on recommendation. Miller v. Brownson, 50 T., 583. Under extension of time allowed by Constitution of 1845, a survey made on an unrecommended certificate prior to January 1, 1844, suit to establish claim could be maintained in 1847. Lewis v. Mixon, 11 T., 564; Hart v. Gibbons, 14 T., 213; Scott v. Mather, 14 T., 235. Under Act of February 7, 1860 (Gammel Laws of Texas, vol. 4, p. 1410), providing for re-examination of rejected warrants and certificates, a rejection made before limit of time fixed in section 11 is not void, the object of the statute being to give claimants ample time to prove their claims. Durrett v. Land Commissioner, 28 T., 687. Under Act of April 25, 1871 (Gammel's Laws of Texas, vol. 6, p. 962), holders of unlocated certificates were not required to locate them at any particular period between passage of law and January 1, 1875. Laws in force prior to Act of November 29, 1871 (Gammel's Laws of Texas, vol. 7, p. 47), did not require certificate and field notes to be returned within twelve months after survey. Snider v. I. & G. N. Ry. Co., 52 T., 306; Snider v. Methvin, 60 T., 487. Under Revised Statutes

1895, secs. 4138 and 4145, survey must be made within twelve months after entry, and field notes returned within twelve months after survey. Von Rosenberg v. Cuellar, 80 T., 249.

**Note 78.**—Hardin v. Titus, p. 622.

[1] Where the promise is to pay in specific property, the promisor, in order to exonerate himself, must tender the property when due at its fair cash value. De Wees v. Lockhart, 1 T., 535; Cherry v. Newby, 11 T., 457; Fisk v. Holden, 17 T., 408.

[2] Failure of or defect in title is a good defense to an action on purchase money note. If contract is executed, there should be either an eviction or surrender of possession, unless the vendor has been guilty of fraud or false representations. If contract is executory, eviction or surrender of possession is not necessary to entitle vendee to defense, unless vendee had knowledge of defect. Tarpley v. Poag, 2 T., 139; Mitchell v. Zimmerman, 4 T., 75; Smith v. Clopton, 4 T., 109; Jones v. Taylor, 7 T., 240; Crayton v. Munger, 9 T., 285; Stewart v. Insall, 9 T., 397; Brock v. Southwick, 10 T., 65; Perry v. Rice, 10 T., 367; Walling v. Kinnard, 10 T., 508; Neel v. Prickett, 12 T., 137; Lawrence v. Simonton, 13 T., 220; Copeland v. Gorman, 19 T., 253; Cooper v. Singleton, 19 T., 260; Taylor v. Johnston, 19 T., 351; Woodward v. Rogers, 20 T., 176; Cook v. Jackson, 20 T., 209; Taul v. Bradford, 20 T., 261; Hurt v. McReynolds, 20 T., 595; Hurt v. Blackburn, 20 T., 601; Smith v. Nolen, 21 T., 496; Littlefield v. Tinsley, 22 T., 259; Luckie v. McGlasson, 22 T., 282; Sharp v. Baker, 22 T., 306; Green v. Chandler, 25 T., 148; Littlefield v. Tinsley, 26 T., 353; Johnson v. Long, 27 T., 21; May v. Taylor, 27 T., 125; Rhode v. Alley, 27 T., 443; Baldridge v. Cook, 27 T., 565; Raines v. Calloway, 27 T., 678; Lemmon v. Hanley, 28 T., 219; Demaret v. Bennett, 29 T., 262; Tooke v. Bonds, 29 T., 419; Wasson v. Davis, 34 T., 159; Bryan v. Johnson, 39 T., 31; Price v. Blount, 41 T., 472; House v. Kendall, 55 T., 40; Carson v. Kelley, 57 T., 379; Norris v. Ennis, 60 T., 83; Estell v. Cole, 62 T., 695; Haralson v. Langford, 66 T., 111; Doyle v. Hord, 67 T., 621; Moore v. Hazelwood, 67 T., 624; May v. Ivie, 68 T., 379; Wheeler v. Boyd, 69 T., 293; Neyland v. Neyland, 70 T., 24; McIntyre v. De Long, 71 T., 86; Fagan v. McWhirter, 71 T., 567; Fisher v. Dow, 72 T., 432; Bellamy v. McCarthy, 75 T., 293; Pease v. Stone, 77 T., 551; Culbertson v. Blanchard, 79 T., 486; Earle v. Marx, 80 T., 39; Ogburn v. Whitlow, 80 T., 239; McCamly v. Waterhouse, 80 T., 340; Groesbeck v. Harris, 82 T., 411; Paschall v. Penry, 82 T., 673; Brown v. Montgomery, 89 T., 250; Walker v. Cole, 89 T., 323; Livestock Co. v. North, 92 T., 72; Land Co. v. Simpson, 1 T. C. A., 600; Savoy v. Brewton, 3 T. C. A., 336; Crouch v. Johnson, 7 T. C. A., 435; Blanks v. Ripley, 8 T. C. A., 156; Nowlin v. Frichott, 11 T. C. A., 442; Rosborough v. Picton, 12 T. C. A., 113; Bennett v. Latham, 18 T. C. A., 403; Moore v. Vogel, 22 T. C. A., 235; Hubbard v. Coker, 1 App. C., sec. 657; Trevino v. Hein, 2 App. C., sec. 105; Hannah v. Chadwick, 2 App. C., sec. 517; Dougherty v. Belew, 3 App. C., sec. 395. Fondeen v. Leake, 1 U. C., 153; Linn v. Willis, 1 U. C., 164; Hubbard v. Bigham, 2 U. C., 420.

**Note 79.**—Carr, by Monaghan, Guardian, v. Wellborn, p. 624.

[1] Foreign judgments on proceedings in rem are conclusive, unless obtained by fraud or rendered by a court without jurisdiction. Lambeth v. Turner, 1 T., 369; Wellborn v. Carr, 1 T., 463.

[2] A general demurrer admits all facts well plead to be true. Hamilton v. Black, Dal., 586; Lambeth v. Turner, 1 T., 364; Zacharie v. Bryan, 2 T., 274; Jouett v. Jouett, 3 T., 150; Catlin v. Glover, 4 T., 151; Chambers v. Miller, 9 T., 236; Earle v. Earle, 9 T., 630, 634; Holman v. Griswell, 13 T., 38; Roy v. Bremond, 22 T., 626, 632; Williams v. Warnell, 28 T., 610; George v. Vaughan, 55 T., 129; Junction City School, Incorporation v. Trustees, 81 T., 148, 152; Lyle v. Harris, 1 App. C., sec. 71. It does not admit a conclusion of law alleged by the pleader. Holman v. Criswell, 13 T., 38. Nor a plea in abatement. Hamilton v. Black, Dal., 586. Nor facts set up in an amendment. Bryan v. Knight, 1 T., 180.

**Note 80.**—Nash and Mabbit v. Republic, p. 631.

As a general rule appellate courts only have appellate jurisdiction and powers incident thereto. Bailey v. Haddy, Dal., 376; Republic v. Laughlin, Dal., 412; Dewees v. Hudgeons, 1 T., 192; Chambers v. Hodges, 3 T., 517; Burke v. Mathews, 37 T., 73; City of Brownsville v. Basse, 43 T., 440; Bennett v. Waddell, 54 T., 273; Wells v. Marshall, 62 T., 28; Darnell v. Lyon, 85 T., 455. It is within the power of appellate courts to devise means to enforce their jurisdiction and to adopt rules and mode of appeal when the statute is deficient. Wheeler v. State, 8 T., 228; Teas v. Robinson, 11 T., 774; St. Clair v. Hotchkiss, 28 T., 474; Simmons v. Fisher, 46 T., 126, 131; Vance v. State, 34 T. Cr., 395, 399.